IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CARPENTERS DISTRICT COUNCIL OF KANSAS CITY PENSION FUND, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 13-00968-CV-W-BP |
| RICHARDSON DRYWALL, LLC, | ) ) ) | |
| Defendant. | ) | |

## ORDER

This case comes before the Court on Plaintiffs' Motion for Default Judgment. (Doc. 4.)

Plaintiffs filed their Complaint on October 3, 2013. (Doc. 1.) Plaintiffs served Defendant on October 8, 2013. (Doc. 3.) Defendant did not answer or otherwise respond within the time afforded by Federal Rule of Civil Procedure 12(a)(1)(A). Plaintiffs moved for an entry of default and default judgment. Defendant did not file a response to these motions. The Court issued an Order to Show Cause, directing Defendant to show why default and default judgment should not be entered. (Order, Doc. 7.) Defendant did not respond to this Order, and the time for doing so passed. The Clerk then entered default against Defendant. (Doc. 8.)

Accordingly, Plaintiffs' Motion for Default Judgment, (Doc. 4), is **GRANTED**. Fed. R. Civ. P. 55. Default judgment is hereby **ENTERED** against Defendant Richardson Drywall, LLC.

It is further **ORDERED** that:

- Defendant shall permit an accounting of its business books, records, ledgers and other documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees, and any additional records or documents relevant to determining the total number of hours worked and/or paid to employees under the collective bargaining agreements and Trust Agreement for the period of July 1, 2012 to date.

- Plaintiffs shall recover from Defendant unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements times the hourly amounts due under said agreements. The assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same is reserved until a full accounting has been completed and the specific total amounts Defendant owes Plaintiffs for said time period is ascertained.

- Defendant shall specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to Plaintiffs on behalf of employees working under the collective bargaining agreements.

- Defendant shall put up cash deposits in advance of work and/or enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

- Defendant shall maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

The Clerk's Office shall mail a copy of this Order, by regular and certified mail, to Defendant at the following address:

John L. Williams
Registered Agent for Richardson Drywall, LLC,
d/b/aMRD Construction,
d/b/a Richardson Drywall, LLC
600 Broadway, Suite 230
Kansas City, MO 64105

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT

DATE: 12/19/2013